### MOSAPP v. STEVENS.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

PARTNERSHIP (§ 75*)—DISSOLUTION.

It is assumed, in absence of contrary evidence, that it was the intention of the parties that interest on their respective money contributions should cease upon dissolution of the partnership by agreement.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 120–123; Dec. Dig. § 75.*]

Laughlin and Dowling, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by August Mosapp against Edward Stevens. From a judgment for defendant, plaintiff appeals. Affirmed as modified.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

S. A. Potter, of New York City, for appellant.

Mortimer M. Menken, of New York City, for respondent.

PER CURIAM. By the instrument dated January ——, 1912, the parties agreed that "the interest of each * * * in the said bond and mortgage is," plaintiff, "eight hundred dollars and interest thereon from the 16th day of October, 1910," and defendant, $200, with interest from like date, and that, "should there be any loss or expense in the collection of" the bond and mortgage, "each shall bear an equal undivided one-half of the amount of such loss or expense." As the precise date of the instrument does not appear, we shall assume that

it was dated January 1, 1912. The nature of that instrument, considered in the light of the circumstances and situation of the parties, should be taken as equivalent to an agreement of dissolution, on which date it is fair to assume that it was the intention of the parties that interest on their respective money contributions should cease. Johnson v. Hartshorne, 52 N. Y. 173, 177. The net recovery from the bond and mortgage was $650. On January 1st plaintiff's contribution to the joint capital with interest at 6 per cent. from October 6, 1910, amounted to $858, and defendant's $214.50. The total capital of the parties was therefore $1,072.50. To repay this amount the parties had only $650; therefore they had lost $422.50, one-half of which is $211.25. Deducting this amount from the capital share of each produces the following result: Plaintiff's share of capital, $858, less one-half loss, $211.25, equals $646.75; defendant's share of capital, $214.50, less one-half, $211.25, equals $3.25.

The judgment should be modified so as to award to plaintiff $646.75 from the net proceeds of the bond and mortgage in the hands of the attorneys, and to the defendant from the same $3.25, and as so modified affirmed without costs to either party.

LAUGHLIN and DOWLING, JJ., dissent.